MARY W. D. SCHAFFER *vs.* GEORGE A. KETTELL & another

Although an estate is devised to the children of a person by name, yet if it appears from the whole will that the testator intended that they should take as a class, the share of one of them who died before the testator, without issue, will go to the survivors.

Thus where three estates, separate from each other in character and locality, were severally devised to the children, naming them, of two nieces and a nephew of the testator, and these families were treated in certain other parts of the will as separate classes, each class representing the parent, it was inferred that the testator intended to devise the separate estates to the several families of children, as classes.

CONTRACT brought against the executors of the will of George Odin, who died July 10th 1865, to recover for money had and received to the plaintiff's use; namely, for the plaintiff's share of one · fifth of certain rents collected by the defendants for property devised by said testator in the tenth clause of his will, which clause was as follows :

" I do hereby give and devise to William White Dorr, Dalton Dorr, Mary Warren Dorr, Esther Dorr, and Harriet Dorr aforenamed, children of my niece Esther K. Dorr, deceased," several parcels of real estate in Boston, which were described.

It was agreed that the plaintiff is the person described in said clause as Mary Warren Dorr; and that William White Dorr, named therein, died May 10th 1864, leaving no issue, and the defendants, contending that the devise to him had lapsed and become a part of the residue of the testator's estate, have collected and now hold the rents thereof under the thirteenth and fourteenth clauses of the will.

The will was dated October 24th 1860, and the other material portions thereof were as follows :

In the second clause, the testator bequeathed one fourth part of certain personal estate " to the children of my niece, the late Mrs. Esther K. Dorr, deceased, to be equally divided between them; one fourth part thereof to the children of my niece, the late Mrs. Amelia M. Currier, deceased, to be equally divided between them ; and one fourth part thereof to Harriet L. Odin and Anne F. Odin, children of my nephew Dr. John Odin, to be equally divided between them."

In the ninth clause, he devised " to George Odin Currier, Amelia Currier, Mary Currier, and Harriet Currier aforenamed, children of my niece Amelia M. Currier aforesaid, deceased," several parcels of real estate in Newburyport, which were described.

In the eleventh clause, he devised " to Anne F. Odin and Harriet L. Odin aforenamed, children of my nephew Dr. John Odin," several parcels of real estate in Boston, which were described.

In the twelfth clause, he devised a parcel of real estate in New York, and a parcel of real estate in Boston, to his niece Harriet W. O. Kellogg during her natural life ; and at her decease " to such child or children of my nephew Dr. John Odin, and of my nieces Esther K. Dorr and Amelia M. Currier afore-named, as shall be living at the time of the decease of my said niece Harriet W. O. Kellogg."

In the thirteenth clause, he directed that his executors should retain and manage in all respects " all the rest and residue of my estate not hereinbefore bequeathed or devised, a schedule whereof will be hereunto annexed," for three years, for certain purposes.

In the fourteenth clause, he devised all said residue, at the expiration of the three years, " to be equally divided between such of the following persons as shall be alive at the expiration of said three years from my decease, to wit, my niece, Harriet W. Odin Kellogg ; William White Dorr, Dalton Dorr, Mary Warren Dorr, Esther Dorr and Harriet Dorr, children of my niece Esther K. Dorr, aforenamed ; George Odin Currier, Amelia Currier, Mary Currier and Harriet Currier, children of my niece Amelia M. Currier, aforenamed ; and Anne F. Odin and Harriet L. Odin, children of my nephew Dr. John Odin, aforenamed."

On the 11th of June 1862, the testator made a codicil to the will, changing one of the executors; and on the 28th of April 1865, a second codicil, devising an estate not before specifically mentioned to another person, and expressly ratifying and con-firming his will except where modified by this codicil.

The schedule of property referred to in the thirteenth clause

was never annexed to the will. The testator was informed of the death of William W. Dorr within a few weeks thereafter.

George O. Currier, Amelia Currier, Mary Currier and Harriet Currier, named in the ninth clause, were the only children of Amelia M. Currier, and resided in Newburyport, and the property devised to them by the said ninth clause constituted the whole property of the testator in Newburyport.

William White Dorr, Dalton Dorr, Mary W. Dorr, Esther Dorr and Harriet Dorr were the only children of Esther K. Dorr, and the property devised to them by said tenth clause constituted a distinct estate of the testator, and was all the property in that immediate vicinity owned by him when the will was executed.

Anne F. Odin and Harriet L. Odin, named in the eleventh clause, were the only children of Dr. John Odin, and the property devised to them by said eleventh clause consisted of the house occupied by them, and a distinct estate of the testator, which was all the property in that immediate vicinity owned by him when the will was executed.

Mrs. Harriet W. O. Kellogg was the sole heir at law of the testator, and the defendants were authorized to collect rents in her behalf.

Upon these facts, judgment was rendered in the superior court for the defendants; and the plaintiff appealed to this court.

C. F. Choate, for the plaintiff.

C. C. Dame, for the defendants.

WELLS, J. This case seems to be entirely covered by the decision in Jackson v. Roberts, 14 Gray, 546. The intent of the testator to provide for the children of his nephew, Dr. Odin, and of his two nieces, Mrs. Currier and Mrs. Dorr, as a class, or in classes, is manifest from the whole tenor of the will. In the second, ninth, tenth and eleventh clauses he treats them as three separate classes, each class representing the parent. In the twelfth and fourteenth clauses he treats them all as one class · and, as the interests bequeathed by these two clauses are not to come presently into possession, he extends the right of survivorship in each case, by express terms, until such time as the estate would become distributable. The omission of any provision for

survivorship, in the ninth, tenth and eleventh clauses, is not significant of a purpose to the contrary; because, regarding them as classes, the principle of survivorship would attach, without express words, so far that, in case of the death of any one or more of a class during the life of the testator, the whole interest would pass to those of the same class who should be living at his decease.

We cannot doubt that this was the intent of the testator; and therefore the designation of each individual by name will not be held to make the devise operate as a gift of a separate interest to each individual named, which would lapse by his death before the testator. The inference, which would otherwise be drawn from such designation, must yield to the general intent; and that is to give the estate (in each case) to the children of his nephew or niece. This conclusion is fortified by the separate character and locality of each estate thus given to the respective families.

The case of *Ballard* v. *Ballard*, 18 Pick. 41, cited to the point that the devise to Wm. W. Dorr lapsed or was void, by his death before the testator, does not sustain that position; but the contrary. It is indeed said in that case that " the court are of opinion that those devises lapsed and became wholly void;" but the court held nevertheless that the survivors of the class to which they belonged took the entire interest that was the subject of the devise. We infer therefore that the terms used in the opinion were applied inadvertently.

In accordance with these conclusions, judgment must be rendered for the plaintiff; the amount to be ascertained as provided by the agreement of the parties.